☐ ORIGINAL

FILED
2011 MAY 11 P 3:33
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N.D. CA-SAN JOSE

Todd M. Friedman (216752)
Darin Shaw (251037)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
dshaw@attorneysforconsumers.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

REBECCA TUCKER,                          ) Case No. CV11-02335 HRL
                                         )
Plaintiff,                               ) COMPLAINT FOR VIOLATION
                                         ) OF FEDERAL FAIR DEBT
    vs.                                  ) COLLECTION PRACTICES ACT
                                         ) AND ROSENTHAL FAIR DEBT
REGENT ASSET MANAGEMENT                  ) COLLECTION PRACTICES ACT
SOLUTIONS, INC.; and MICHAEL             )
SCATA, an individual,                    )
                                         )
Defendant.                               )
_____)

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code § 1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

Complaint - 1

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

## III. PARTIES

3. Plaintiff, Rebecca Tucker ("Plaintiff"), is a natural person residing in Santa Clara county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

4. At all relevant times herein, Defendant, Regent Asset Management Solutions, Inc. ("Defendant RAMS") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant RAMS regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

5. At all relevant times herein, Defendant, Michael Scata ("Defendant Scata") was owner of Defendant RAMS. As an officer, shareholder and/or director of Defendant RAMS, Defendant Scata was responsible for the overall success of the company. Defendant Scata is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c): he

materially participated in collecting debt by occupying a position of critical importance to Defendant RAMS' business; as the owner of Defendant RAMS, he exercised control over the affairs of a debt collection business; and he was regularly engaged, albeit more often indirectly than directly, in the collection of debts through his involvement in Defendant RAMS' affairs and Defendant Scata continued to play a key role in maintaining and expanding Defendant RAMS' debt collection activities throughout the time in question.

## IV. FACTUAL ALLEGATIONS

6. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant RAMS contacted Plaintiff in an attempt to collect an alleged outstanding debt.

7. In October 2010, Defendant initially contacted Plaintiff in connection with an attempt to collect an alleged debt.

8. Defendant is attempting to collect an alleged debt that does not belong to Plaintiff.

9. On average, Plaintiff received from Defendant, more than two collections calls per day, more than ten collections calls per week, and more than twenty collections calls per month, including but not limited to, calls made on 10/29/10 at 1109am, 11/11/10 at 217pm, 11/29/10 at 1152am, 12/2/10 at 1217pm,

12/7/10 at 1114am, 2/28/11 at 909am, 3/15/11 at 246pm, 3/18/11 at 247pm, 3/21/11 at 208pm, 3/22/11 at 8am, and 3/29/11 at 1009am.

10. On more than one occasion, Plaintiff informed Defendant that they are attempting to collect an alleged debt from a person who doesn't live in the residence associated with Plaintiff's phone number. Plaintiff requested that Defendant cease and desist from further contact on December 8, 2010 and December 15, 2010.

11. Despite being requested, Defendant continued to contact Plaintiff, including but not limited to, calls made on 2/28/11 at 909am, 3/15/11 at 246pm, 3/18/11 at 247pm, 3/21/11 at 208pm, 3/22/11 at 8am, and 3/29/11 at 1009am.

12. On or about January 31, 2011, Plaintiff's counsel sent a letter informing Defendant that Plaintiff had been retained by counsel and requested that Defendant cease and desist from contacting Plaintiff directly.

13. Despite Plaintiff's counsel's efforts, Defendant continued to contact Plaintiff directly, including but not limited to, calls made on 2/28/11 at 909am, 3/15/11 at 246pm, 3/18/11 at 247pm, 3/21/11 at 208pm, 3/22/11 at 8am, and 3/29/11 at 1009am.

14. Defendant RAMS' conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

    a) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code §1788.11(d));

b) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal Civ Code §1788.11(e));
c) Causing Plaintiffs telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§1692d(5));
d) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (§1692c(a)(1));
e) Falsely representing or implying that nonpayment of Plaintiffs debt would result in the seizure, garnishment, attachment, or sale of Plaintiffs property or wages, where such action is not lawful or Defendant did not intend to take such action (§1692e(4));
f) Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken (§1692e(5));
g) Threatening Plaintiff that nonpayment of Plaintiffs debt may result in the arrest of Plaintiff or the seizure, garnishment, attachment or sale of any property or the garnishment or attachment of wages of Plaintiff, where such action was not in fact contemplated by the debt collector and permitted by the law (Cal Civ Code §1788.10(e));
h) Falsely representing the true nature of the business or services being rendered by Defendant (Cal Civ Code §1788.13(i));
i) Falsely representing that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made (Cal Civ Code §1788.13(j));
j) Falsely representing the character, amount, or legal status of Plaintiff's debt (§1692e(2)(A));
k) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (§1692e(10);
l) Collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt (§1692f(1));

m) Collecting an amount from Plaintiff that is not permitted by law (§1692f(1)); and

n) Where Defendant had not yet made an attempt to contact Plaintiff's counsel or had not given Plaintiff's counsel sufficient time to respond to the initial attempt to communicate with Plaintiff's counsel, and where Plaintiff's counsel had not given Defendant permission to contact Plaintiff directly, communicating with Plaintiff directly after learning that Plaintiff is being represented by counsel (§ 1692c(a)(2).

15. Defendant Scata as owner of Defendant RAMS is directly responsible for Defendant RAMS' violations.

16. As a result of the above violations of the FDCPA and RFDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendants are liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

17. Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

    A. Declaratory judgment that Defendants' conduct violated the FDCPA;

    B. Actual damages;

C. Statutory damages;

D. Costs and reasonable attorney's fees; and,

E. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff reincorporates by reference all of the preceding paragraphs.

19. To the extent that Defendants' actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

A. Declaratory judgment that Defendant's conduct violated the RFDCPA;

B. Actual damages;

C. Statutory damages for willful and negligent violations;

D. Costs and reasonable attorney's fees,

E. For such other and further relief as may be just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 7th day of May, 2011.

By: _____
Todd M. Friedman (216752)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
tfriedman@attorneysforconsumers.com
Attorney for Plaintiff