\*\* E-filed April 23, 2012 \*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| REBECCA TUCKER,<br><br>         Plaintiff,<br>   v.<br>REGENT ASSET MANAGEMENT SOLUTIONS, INC.; and MICHAEL SCATA,<br><br>         Defendants.<br>_____/ | No. C11-02335 HRL<br><br>**FURTHER INTERIM ORDER**<br><br>[Re: Docket No. 29] |

On January 17, 2012, counsel for the plaintiff and defendant Michael Scata appeared via telephone for a hearing on Scata's motion to dismiss for lack of personal jurisdiction. Pursuant to its authority to permit discovery on such a motion, the court allowed plaintiff 60 days to take jurisdictional discovery by deposing and issuing requests for production on Scata. See Dkt. No. 41 ("Interim Order"); Data Disc, Inc. v. Systems Technology Associates, Inc., 557 F.2d 1280, 1285, n. 1 (9th Cir. 1977) (finding courts have discretion to order discovery "where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary").

Plaintiff submitted an affidavit by counsel on March 16, 2012, the deadline this court set for plaintiff to submit whatever additional jurisdictional facts she deemed necessary. Dkt. No. 42. However, the affidavit offered no new facts, nor did it suggest that plaintiff took any discovery pursuant to this court's Interim Order. Now, over a month after the deadline for plaintiff's

submission, plaintiff's counsel submits another affidavit in which he attests that he has been unable to reach defendant Scata because the address that Scata provided to the court's electronic filing system ("ECF") is incorrect. Dkt. No. 44. Plaintiff's counsel attached several emails to his affidavit as exhibits, which show that the business located at the Nevada address Scata provided to ECF is not connected to Scata, nor do its employees know who Scata is.

At the Initial Case Management Conference in November 2011, the court asked Scata for a phone number, since he had not listed one on ECF. In addition to providing a phone number, Scata informed the court that it should use a different mailing address than the one he listed on ECF. He provided the following address: 7131 Four Rivers Road, Boulder, CO 80301. While the court has used this address to send Scata notice of orders, plaintiff's counsel apparently took no notice of the new address, and Scata has failed to formally update his contact information on ECF.

Because it appears that plaintiff has been unsuccessful in serving discovery requests on Scata, leaving the relevant jurisdictional facts still in dispute, the court now extends the deadline for plaintiff to serve discovery on Scata. Plaintiff shall have an additional 60 days to resubmit any discovery request previously misdirected, using the Boulder, Colorado address. Plaintiff may submit a declaration detailing facts relevant to the pending motion to dismiss within 60 days from the date of this order. In addition, defendant Scata is ordered to file a Notice of Change of Address[1] as soon as possible.

**IT IS SO ORDERED.**

Dated: April 19, 2012

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[1] A Notice of Change of Address is submitted in the same way as any other filing. Defendant Scata shall submit a document entitled "Notice of Change of Address," which contains (1) the case name and case number; and (2) a correct mailing address, phone number, and such other contact information as may be necessary to allow the court and plaintiff to contact him.

2

**C11-02335 HRL Notice will be electronically mailed to:**

Todd Friedman   tfriedman@attorneysforconsumers.com
Darin Shaw   dshaw@attorneysforconsumers.com

**Notice will be sent by mail to:**

Michael Scata
7131 Four Rivers Rd.
Boulder, CO 80301

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

3